JoNes, Chief Judge,
delivered the opinion of the court:
A dog and a cat may cause complications.
This is a suit by an employee of the State Department who claims per diem allowances for himself and wife, while delayed in Egypt en route from Turkey to the United States during the spring of 1945. Under the regulations plaintiff is entitled to a per diem for himself and his wife “during the time necessarily spent at ports awaiting sailing.”
The issue turns on how much of the delay was necessarily spent in awaiting transportation, and how much of the delay, if any, was due to Mr. Pedersen’s reluctance to travel without his wife and to Mrs. Pedersen’s refusal to travel without being accompanied by her pets, two dogs and a cat, which she refused to leave behind.
The plaintiff claims that none of the delay was caused by the animals, while the defendant claims that all but a few days of the delay was thus caused.
We can well understand Mrs. Pedersen’s anxiety about her pets and her reluctance to travel without them.
In our youth we always had dogs, mostly of the mongrel variety, but nevertheless dogs. We placed them just behind people, and when on rare occasions we fell out with any of our playmates, our hounds usually forged ahead.
We have very little respect and no affection for anyone who has not at some time in his life loved a dog. Throughout history the dog has been known for his loyalty and faithfulness. He has been celebrated in song and story. Even books have been written about the dog, his character, intelligence and attributes. The dog has been able to awaken affection in the hearts of every race of people. Wherever man has gone, on the frontier, in the great woods, in the frozen north, the faithful dog has been his constant companion, sharing *339 his hardships and his poverty. When in trouble, humanity finds consolation in his company.
Alcibiades had a handsome dog. Senator Vest described the dog as “man’s best friend.”
We meet him first in Homer’s verse The dog by the Aegean seas.
Scott referred to him as the “companion of our pleasures and our toils,” and Mark Twain said the difference between a dog and a man is that “if you pick up a starving dog and make him prosperous, he will not bite you.”
It was a dog that licked the wounds of Lazarus in his rags. Kin Tin Tin was a movie star. Neither poverty nor riches, success nor failure, affects his loyalty. It was the dog that served as a test for the army of Gideon. He also performed heroic services in the most modern and greatest of all wars. The poet said that high in the courts of Heaven the one sure welcome that awaited was a little dog angel that “sits alone at the gates,” and would not play with the others until his master arrived.
The cat also has always been a favorite pet with many people.
But coming back to the practical, the testimony of the respective witnesses is no more alike than the dispositions of the “gingham dog and the calico cat.” It is difficult to determine from the conflicting testimony just what per diem should be allowed. The State Department regulations make no provision for the transportation of animals at any time. Whether or not they can be taken along even in ordinary times depends wholly upon the attitude of the captain of the ship on which passage is booked.
These were not ordinary times. The dogs of war had been unleashed and were running like mad over the face of the earth. In an effort to track them down whole families were separated for years. Our every day wants, desires and whims were in most cases sacrificed to the common cause. Any one who couldn’t willingly do this needed to kindle anew the altar fires. Any allowances must be measured in the light of these circumstances.
We must find from the evidence, if we can, the time necessarily spent at Cairo and Port Said awaiting sailing. The *340 plaintiff was not required to travel by air. He was privileged to await sailing accommodations. He could probably have secured transportation for himself and his wife, without the pets, within approximately thirty days; or, for himself alone by Army Transport, within about 15 days.
On May 9,194-5, the Vice Consul at Cairo informed plaintiff that, he thought transportation by plane could be secured if plaintiff would consent to leave his wife in Cairo. This offer was accepted and plaintiff-left by plane on May 14, 1945.
We find that plaintiff necessarily waited at Cairo for a period of 15 days. He is therefore entitled to a per diem allowance for 15 days.
It is more difficult to determine the allowance for Mrs. Pedersen. Because of wartime restrictions, she could not travel by plane. She was told by Mr. Miller, the American Consul at Cairo, that if she and Mr. Pedersen wished to travel together, without the animals, he would obtain transportation as soon as possible, though it would mean a delay of a few weeks; but that if she insisted on carrying her pets, there would be an indefinite delay. She declined to travel without her pets. In giving her reasons for so declining, she testified “I [have] traveled my whole life with dogs and cats.”
Mrs. Pedersen actually waited until July 6, 1945, before finally securing transportation that permitted her to take the dogs and the cat along. In the meantime she irritated the officials at both Cairo and Port Said. At the latter place the official stated the innkeeper wanted her to leave because she insisted upon bathing her two large dogs in the public bathrooms. She finally sailed on an American freighter. She had carried her point. The dogs and the cat went along.
The testimony does not disclose either the type or the names of the pets. For the record they must remain nameless. However, they must have been remarkable animals either in. pedigree or disposition.
Mrs. Pedersen was certainly within her rights in refusing to travel without her pets. One can appreciate her unwillingness to leave them behind. On the other hand, she had no legal basis for charging the defendant $10 a day for the extra delay caused by her attitude, especially in a time of *341 national peril, when family separations were the rule and not the exception, however appealing her sentiment may have been. We must apply the law as we find it.
Under the regulations Mrs. Pedersen was not justified in refusing to travel without the animals and charging the delay thus caused to the defendant.
The testimony is not quite clear as to the time Mrs. Peder-sen would have been compelled to wait had she not refused to travel without her pets. From the record as a whole, we find that such period was 30 days.
Plaintiff sues for a total of $1,742, covering the entire period of delay for himself and his wife. He is entitled to recover for the 45 days which he and Mrs. Pedersen were necessarily delayed, or a total of $450.
It is so ordered.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.